UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | | |
|---|---|---|
| In re ) | | Chapter 7 |
|    ALANE TARATUSKA, ) | | Case No. 01-10361-rs |
|     Debtor ) | | |
| -------------------------------------------------) | | |
| ALANE TARATUSKA, ) | | Adv. No. |
|    Plaintiff ) | | |
|   v. ) | | |
| THE EDUCATIONAL RESOURCES ) | | |
|    INSTITUTE, INC., ) | | |
| PENNSYLVANIA HIGHER EDUCATION ) | | |
|    ASSISTANCE AGENCY, ) | | |
| VAN RU CREDIT CORPORATION, ) | | |
| ZWICKER & ASSOCIATES, P.C., ) | | |
|    and ) | | |
| UNITED STATES DEPARTMENT OF ) | | |
|    EDUCATION, ) | | |
|    Defendants | | |

DEBTOR'S COMPLAINT TO DETERMINE
DISCHARGEABILITY OF STUDENT LOAN [11 U.S.C. § 523(a)(8)]

JURISDICTION AND VENUE

1. On February 12, 2001, the Debtor ALANE TARATUSKA filed a voluntary petition under Chapter 7 of the Bankruptcy Code, case number 01-10361, in the Eastern Division of the United States Bankruptcy Court for the District of Massachusetts. The court entered an order discharging the Debtor on April 25, 2001. The case was closed on May 11, 2001, and reopened on December 13, 2005, per order of this court.

2. This court has subject matter jurisdiction over the instant proceeding pursuant to 28 U.S.C. § 1334(b) and Local Rule 201 of the United States District Court for the District of Massachusetts. Venue is proper in this court pursuant to 28 U.S.C. § 1409(a).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## PARTIES

4. The Plaintiff is a natural person presently residing in New Jersey and is the Debtor in the associated bankruptcy case.

5. THE EDUCATION RESOURCES INSTITUTE, INC., (TERI) is a nominally nonprofit Massachusetts corporation having its principal place of business at 31 St. James St., 4th Floor, Boston, MA 02116. The Plaintiff is informed and believes that TERI has failed to appoint a registered agent as required by Mass. Gen. L. c. 156D, § 5.01(2).

6. PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY is a Pennsylvania corporation doing business as American Education Services (AES), having its principal place of business at 1200 N. 7th St., Harrisburg, PA 17102-1444, and having a registered agent in the Commonwealth in care of CT Corporation Systems, 101 Federal St., Boston, MA 02110.

7. VAN RU CREDIT CORPORATION (VAN RU) is an Illinois corporation having its principal place of business at 1350 E. Touhy Ave., Suite 300E, Des Plaines, IL 60018 and having a resident agent in the Commonwealth in care of CT Corporation Systems, 101 Federal St., Boston, MA 02110.

8. ZWICKER & ASSOCIATES, P.C. (ZWICKER) is a Massachusetts professional corporation having its principal place of business at 800 Federal St., Andover, MA 01810, and having a registered agent named Paul W. Zwicker at the same address.

9. The UNITED STATES DEPARTMENT OF EDUCATION (ED) is an executive agency of the government of the United States.

## FACTS

10. The Plaintiff became indebted prior to February 12, 2001 to one or more of the Defendants for loans used to finance her education. She is uncertain of the amount she owes and of the present ownership of the promissory notes evidencing such debts.

11. The Plaintiff is informed and believed that VAN RU and ZWICKER are acting as collection agents for one or more entities to whom the Plaintiff owes debts for educational loans.

12. The Plaintiff suffers from Post Traumatic Stress Disorder as a result of events that occurred prior to 2001. She suffers extreme stress and anxiety as a result of financial worries, manifesting in panic attacks and dissociative episodes when forced to deal with debt collectors, including the various agents who have dunned her for student loans. She worries that repaying her loans will leave her destitute and homeless as she nears retirement age.

13. The Plaintiff is presently employed as an assistant scientist by a biotechnology startup company in New Jersey and earns approximately $3,400 per month take-home. Her expenses, including an $167 monthly contribution to a retirement plan that she will begin making on January 1, 2006, are $3,919 per month. She expects her earnings and expenses to stay approximately the same for the next year, provided that her employer is financially able to continue employing her and that her mental health remains robust.

14. TERI obtained a judgment by default against the Plaintiff in the amount of $23,651.09 on November 13, 2002 in the Waltham division of the Massachusetts District Court. Said judgment has become final and unappealable. TERI and ZWICKER have continued, and will continue, to attempt to enforce that judgment.

15. Although the Plaintiff desires to repay some portion of her educational loan debt over time, she is and will remain unable to repay all of that debt including accrued interest. Her mental health is such that her life would be at risk if debt collectors were permitted to dun her for payment. Accordingly, she asserts that some or all of her debt for educational loans incurred prior to February 12, 2001, should be discharged because repayment would constitute an undue hardship within the meaning of 11 U.S.C. § 523(a)(8).

## RELIEF REQUESTED

WHEREFORE the Plaintiff respectfully requests that this court might (a) adjudge and decree that all or designated portions of her debt for educational loans incurred prior to February 12, 2001, were discharged in the related bankruptcy case; (b) issue an order forbidding the holders of such loans to attempt to collect any amounts determined to be nondischargeable otherwise than by sending regular monthly statements that contain no threats of legal or other action for nonpayment; (c) enjoin TERI from attempting to enforce its judgment against the Plaintiff for any amounts determined to be nondischargeable otherwise than in accordance with the order prayed for herein; and (d) issue such further orders as justice may require.

Dated: December 22, 2005

                                              ALANE TARATUSKA,
                                                by her attorney
                                            /s/Walter Oney
                                            Walter Oney (BBO # 379795)
                                            4 Longfellow Place
                                            Boston, MA 02114
                                            Tel.: 617-227-5620
                                            Fax: 617-227-5760